IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ALAN GRAHAM-ANDERSON,            *

    Plaintiff,                   *

vs.                              *

                                     CASE NO. 4:25-cv-85 (CDL)

EQUIFAX INFORMATION SERVICES,    *
LLC and CREDIT ONE BANK, N.A.,
                                 *
    Defendants.
                                 *
_____
                                 *

O R D E R

    Plaintiff Alan Graham-Anderson brought this action alleging that Defendants Equifax Information Services, LLC and Credit One Bank, N.A. negligently and willfully violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Equifax filed a motion to dismiss Anderson's claims against it.[1] For the following reasons, that motion (ECF No. 22) is denied.

MOTION TO DISMISS STANDARD

    "To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual

---

[1] The Court previously granted Credit One's motion to compel arbitration of Anderson's claims against it. Order (June 10, 2025), ECF No. 13.

allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL BACKGROUND

Anderson alleges the following facts in support of his claims. The Court must accept these allegations as true for purposes of the pending motion.

On July 11, 2024, Anderson obtained his Equifax credit disclosure, which reported a scheduled monthly payment amount on Anderson's account ("Errant Tradeline"). The account reflected by the Errant Tradeline was closed by Credit One, and Anderson no longer owes any scheduled monthly payment obligations to Credit One. On July 16, Anderson sent a letter to Equifax disputing the Errant Tradeline. In the letter, Anderson explained that the Credit One account was closed and that he owes no scheduled monthly payment to Credit One. Anderson also asked for the scheduled monthly payment amount to be removed and replaced with $0.00. Equifax received Anderson's dispute letter. On September 18,

Anderson obtained his Equifax credit disclosure, which showed that Equifax failed or refused to report the Errant Tradeline with a scheduled monthly payment amount of $0.00.

Anderson asserts that Equifax did not follow reasonable procedures to assure the maximum accuracy of the information it reported, in violation of 15 U.S.C. § 1681e(b), and that it did not conduct a reasonable reinvestigation of his dispute, in violation of 15 U.S.C. § 1681i(a).

DISCUSSION

The FCRA requires consumer reporting agencies like Equifax to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). If a consumer notifies the agency of a dispute regarding the accuracy of information contained in his file, the agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." *Id.* § 1681i(a)(1)(A). Equifax contends that Anderson's claims fail for two reasons, which the Court will address in turn.

First, Equifax argues that Anderson's FCRA claims fail because he did not allege that there was any inaccuracy in his credit report. Equifax attached as an exhibit to its motion to dismiss the results of its investigation of Anderson's Credit One account. Def.'s Mot. Dismiss Ex. A, Investigation Results 1, ECF No. 22-1. Equifax asserts that the Court can consider those

3

results in deciding the motion to dismiss. Equifax argues that
the reported monthly payment obligation is merely a "historical"
obligation term and that Anderson's credit report, when viewed as
a whole, would not lead a potential creditor to believe that
Anderson had an ongoing obligation to Credit One since his credit
report listed his account status as "[c]losed." Def.'s Mot.
Dismiss 10, ECF No. 22; Investigation Results 9.

     "[A] court may properly consider a document not referred to
or attached to a complaint under the incorporation-by-reference
doctrine if the document is (1) central to the plaintiff's claims;
and (2) undisputed, meaning that its authenticity is not
challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300
(11th Cir. 2024). The information reported on Anderson's account
at the time of his dispute is certainly central to his FCRA claims
against Equifax; but that information is disputed. Therefore, the
Court cannot consider the investigation documents containing that
information at the pleading stage. Instead, the Court must focus
on the allegations in Anderson's complaint.

     Anderson alleges that he did not owe a scheduled monthly
payment to Credit One and that Equifax falsely reported that he
did. Accepting Anderson's allegations as true, the Court finds
that Anderson adequately pled that his credit report contained an
inaccuracy. The Court denies Equifax's motion to dismiss on this
ground.

Second, Equifax contends that the complaint does not state a claim because Anderson "failed to adequately plead all required elements of his FCRA claims or that Equifax acted willfully" and "failed to plead how any of h[is] alleged injuries were caused by Equifax." Def.'s Mot. Dismiss 5. The essential facts alleged by Anderson are that (1) he did not owe a scheduled monthly payment to Credit One, (2) Equifax falsely reported that he did, (3) he sent a dispute letter to Equifax explaining that he did not owe any scheduled monthly payment to Credit One, (4) despite receiving his dispute letter, Equifax failed to follow reasonable procedures or conduct a reasonable reinvestigation and instead continued reporting the false Credit One debt to one or more third parties, and (5) Anderson suffered credit and emotional damages as a result of Equifax's false reporting.[2] Anderson further alleges that "Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported." Compl. ¶ 42.[3] Drawing all inferences in

---

[2] Anderson's Complaint sufficiently alleged that he suffered actual damages. Specifically, Anderson alleged that he suffered credit and emotional damages as a direct and proximate result of Equifax's violations and that he suffered undue anxiety and stress because of Equifax's failure to correct the Errant Tradeline. Compl. ¶¶ 19, 37, 44, ECF No. 1. These allegations are sufficient to plausibly show Anderson is entitled to relief under the FCRA. *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1335 (11th Cir. 2015) (noting that emotional distress is an element of FCRA actual damages).

[3] Under the Federal Rules of Civil Procedure, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Anderson's favor, the Court finds that these facts sufficiently state the elements of a negligent or willful violation of the FCRA.

Equifax argues that Anderson's pleadings are not enough because he must make specific allegations about the precise procedures Equifax failed to follow. Equifax cites no binding authority that an FCRA plaintiff must make particularized allegations about a credit reporting agency's procedures. The Court is unconvinced that such a heightened pleading requirement exists for FCRA claims. Under the Federal Rules of Civil Procedure, Anderson has alleged sufficient facts to establish a plausible claim. Accordingly, Equifax's second ground for dismissing Anderson's complaint is rejected.

CONCLUSION

For the reasons above, the Court denies Equifax's motion to dismiss (ECF No. 22). The stay of discovery (ECF No. 28) is lifted, and a Rules 16/26 Order shall be issued requiring the parties to submit a jointly proposed scheduling order for these proceedings.

IT IS SO ORDERED, this 15th day of October, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA