IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ALAN GRAHAM-ANDERSON,          *

    Plaintiff,          *

vs.          *

                        CASE NO. 4:25-cv-85 (CDL)

EQUIFAX INFORMATION SERVICES,   *
LLC and CREDIT ONE BANK, N.A.,

                          *

    Defendants.          *

                          *

## O R D E R

Plaintiff Alan Graham-Anderson brought claims against Defendant Equifax Information Services, LLC under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").[1]   Before any dispositive motions were filed, Plaintiff accepted an offer of judgment from Equifax in the amount of $7,500.  The Court entered the judgment in favor of Plaintiff and against Equifax.  Order (Feb. 26, 2026), ECF No. 38.  In the offer of judgment, the parties agreed that the Court would determine the issue of attorneys' fees and costs.  The parties were unable to agree on reasonable fees, so Plaintiff filed a motion seeking $42,881.20 in fees and $602.00 in costs.  That motion is now ripe for the Court's review.  For the following reasons, Plaintiff's motion (ECF No. 39) is granted

---

[1] Plaintiff also asserted claims against Defendant Credit One Bank, N.A., and those claims are in arbitration.

to the extent that Plaintiff is entitled to $12,281.20 in fees and $602.00 in costs.

DISCUSSION

Any defendant who willfully or negligently fails to comply with the FCRA is liable for "the costs of the action" to enforce liability under that law, "together with reasonable attorney's fees as determined by the court."  15 U.S.C. §§ 1681n-1681o.  "A reasonable fee is one sufficient to attract competent counsel to represent the case, but not one that provides a windfall for attorneys."  *In re Home Depot Inc.*, 931 F.3d 1065, 1082 (11th Cir. 2019).  "The first step in calculating a reasonable attorney's fee award is to determine the 'lodestar'—the product of multiplying reasonable hours expended times a reasonable hourly rate." *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 802 (11th Cir. 2020) (per curiam) (quoting *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)).[2]  There is "a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve."  *Bivins*

---

[2] In determining whether the lodestar is reasonable, the district courts are to consider twelve factors: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."  *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 n.2 (11th Cir. 2008) (per curiam).

*v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam).  "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  Here, Equifax argues that Plaintiff's counsel billed too many hours and seeks unreasonable rates.  The Court addresses each issue in turn.

## I.   Hours Reasonably Expended

Equifax argues that Plaintiff's counsel billed too many hours in this action.  "Time spent is reasonable, and thus compensable, if it would be proper to charge the time to a client." *Home Depot*, 931 F.3d at 1087.  "As with a client, counsel should not include in the lodestar hours that are 'excessive, redundant or otherwise unnecessary.'" *Id.* (quoting *Norman*, 836 F.2d at 1301).  "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *Barnes*, 168 F.3d at 428.

Plaintiff's sole counsel of record is Dennis Kurz, a Georgia-licensed attorney.  Kurz submitted a timesheet showing that he billed 3.8 hours for his work in this action.  *See* Pl.'s Mot. for Attys.' Fees Ex. 2, Kurz Timesheet, ECF No. 39-2.  Equifax does not object to that amount, and the Court finds that the hours Kurz expended are reasonable.  In handling this action, Kurz associated

with two other attorneys with the firm Consumer Dispute Lawyers: Carl Schwartz and Gary Nitzkin. Schwartz and Nitzkin submitted an invoice from their law firm which lists over 100 billing entries across fifteen pages. *See* Pl.'s Mot. for Attys.' Fees Ex. 1, Consumer Dispute Lawyers Invoice ("Invoice"), ECF No. 39-1. The invoice does not summarize how many hours each attorney billed. Nor does it sum up how many hours were billed by the firm's paralegals or its administrative assistants.[3] As a result, the Court spent a significant amount of time reviewing the invoice. Based on that record, Schwartz billed 56.3 hours, Nitzkin billed 13.25 hours, 11.32 hours were billed for paralegal work (or at least functions that fall into a gray area of tasks that may be appropriately performed by a paralegal), and 10.2 hours were billed for administrative tasks. Equifax seeks several specific reductions to those hours. The Court will consider each proposed reduction in turn.

First, Equifax contests entries billed for administrative tasks that it says are vaguely described. Specifically, Equifax points to several entries in the invoice which merely state "Admin/Dawni Starcher." Invoice 5, Entry 05/14/2025. The Court identified nine such entries, totaling 2.2 billed hours. Because

---

[3] In its motion, Plaintiff appears to ask for fees at its requested paralegal rate for two categories of expenses: "Paralegal fees" and "Admin/assistant." Pl.'s Mot. for Attys.' Fees 1, ECF No. 39.

the descriptions of those entries are vague, the Court cannot adequately determine whether the time was reasonably spent on Plaintiff's claims against Equifax.  The Court therefore excludes those 2.2 hours from the total hours billed by administrative assistants when calculating the lodestar.

Next, Equifax identified several hours it says Plaintiff's counsel billed litigating issues that do not involve Plaintiff's claims against Equifax.  First, Equifax identified hours billed for work solely pertaining to co-Defendant Credit One Bank, including a motion to compel arbitration filed by that Defendant.  Second, Equifax identified hours it says Plaintiff's counsel billed for opposing the withdrawal of Plaintiff's former local counsel, Renee Taylor.  Upon reviewing the invoice, the Court identified a combined 12.15 hours billed for tasks related to Credit One and Taylor: 8.9 hours were billed by Schwartz, and 3.25 hours were billed by Nitzkin.  Plaintiff's counsel admits that it failed to redact the hours billed for litigating the claims against Credit One and Taylor's withdrawal and concedes that it does not seek compensation for those hours.  Thus, the Court strikes 8.9 hours from Scwhartz's total hours and 3.25 hours from Nitzkin's total hours in the lodestar calculation.

Finally, Equifax objects to hours billed by Schwartz for email correspondence.  The Court reviewed the invoice and identified 122 entries categorized as emails billed by Scwhartz, the vast majority

of which were between Schwartz and his staff or co-counsel. Every entry is billed at 0.2 hours, resulting in a total of 24.4 hours of email correspondence, over half of Schwartz's remaining hours. Equifax argues that the descriptions of the emails are too vague to allow an adequate judgment about whether the time billed for the correspondence was reasonably spent.[4] For example, on January 14, 2026, Schwartz billed 0.2 hours for "received email from Charmaine, replied." Invoice 12. On March 9, 2026, Schwartz also billed 0.2 hours for "received email from Gary [Nitzkin], replied." Invoice 14. The list goes on. In response, Plaintiff argues that any further details of the correspondence are privileged.

The Court finds that 23.6 hours of the email entries billed by Schwartz are so vaguely described that it is impossible to tell whether they were reasonably expended in pursuit of Plaintiff's FCRA claims against Equifax. The Court is unpersuaded by Plaintiff's argument that providing more detailed descriptions of its counsel's time entries would result in the disclosure of privileged information. For example, the 0.80 hours the Court did not find vague are emails between Schwartz and Equifax's counsel which contain enough detail for the Court to conclude that the

---

[4] Equifax also argues that the time billed by Schwartz for emails is excessive. For example, Equifax's counsel submitted an exhibit showing email correspondence between himself and Schwartz, which consisted of a two-sentence email and a two-sentence reply. *See* Def.'s Resp. to Pl.'s Mot. for Attys.' Fees Ex. A, Emails Between S. Kern, C. Schwartz, & G. Nitzkin 1-2 (Dec. 10, 2025), ECF No. 42-1. This email, like all the others itemized by Schwartz, was billed at 0.2 hours, or twelve minutes.

time was spent communicating about Plaintiff's case against Equifax. One such email reads, "received email from [opposing counsel] *re Rule 26(f) report*, replied." Invoice 11, Entry 12/10/25 (emphasis added). Another reads, "received email from [opposing counsel] *requesting extension to answer discovery*, sent email to [local counsel]." Invoice 12, Entry 12/23/2025 (emphasis added). Plaintiff has provided no persuasive reason as to why Schwartz could not have included this minimum level of detail in his other time entries. Therefore, the Court excludes 23.6 additional hours from Schwartz's total hours in calculating the lodestar.[5]

## II. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Plaintiff argues that a $450 hourly rate for each of

---

[5] Equifax asks the Court to reduce the hours billed by Plaintiff's counsel by 50% to compensate for the time Schwartz billed for emails. If a court "finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam). Although time-consuming, the Court was able to conduct an hour-by-hour analysis of the invoice submitted by Plaintiff's counsel. The Court therefore declines to implement an across-the-board cut. *See id.* at 1351 (instructing that district courts may either conduct "an hour-by-hour analysis" or "an across-the board reduction of the requested compensable hours," but not both).

7

his three attorneys is reasonable.  Plaintiff also requests fees at the rate of $160 per hour for the work billed by Consumer Dispute Lawyers' paralegals and administrative assistants. Equifax objects to Plaintiff's requested rates as unreasonably high.  The Court considers each of Equifax's arguments below.

A.    Attorney Rate

Equifax first argues that Schwartz and Nitzkin cannot recover fees at an attorney's rate because they are not attorneys of record in this action.  Equifax did not point to binding authority to support its position, and the Court does not interpret its local rules to require every attorney who works on a case to enter an appearance.[6]  Although neither moved to practice pro hac vice, Schwartz and Nitzkin associated with local counsel who signed all Plaintiff's filings in compliance with the Federal Rules.  *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name[.]").  It is uncontested that Schwartz and Nitzkin are attorneys who performed attorney-level work in litigating Plaintiff's claims against Equifax.  Thus, the Court will award them fees at an attorney's rate based on their skill, experience, and reputation.  *See Otto v. City of Boca Raton*, No. 24-10478,

---

[6] The local rules for the Middle District of Georgia provide that "[o]nly attorneys who are admitted to practice in this Court or who have otherwise obtained permission" to practice pro hac vice "may appear as counsel." M.D. Ga. R. 83.1.1.

2025 WL 2952783, at *8 (11th Cir. Oct. 20, 2025) (finding that the district court did not abuse its discretion when it awarded compensation at attorney rates for attorney-level work performed by non-admitted lawyers).

Equifax next argues that Plaintiff's requested hourly rate of $450 is unreasonably high for lawyers in Columbus, Georgia. Plaintiff bears "the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299.  Here, "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is" Columbus, Georgia, because that is where the case was filed.  *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999)(quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).  Kurz began practicing law in 2001 and has twenty-one years of experience in consumer rights law.  Kurtz Decl. ¶¶ 1-2, ECF No. 39-3.  Schwartz has been licensed to practice law since 2007.  Schwartz Decl. ¶ 5, ECF No. 39-4.  Although Schwartz does not specify how many years he has practiced consumer rights law, he notes he became an employee of the firm Consumer Dispute Lawyers in 2016.  *Id.* ¶ 1.  Accordingly, the Court presumes that Schwartz has ten years of experience in consumer rights law.  The Court is unable to determine the skill level, experience, or reputation of Nitzkin because Plaintiff did not submit any evidence

9

about his credentials.  Therefore, the Court will award Nitzkin fees at the rate of a newly licensed attorney.[7]

To show that its requested $450 hourly rate is reasonable, Plaintiff pointed to a consumer rights case in the Northern District of Georgia, Rome Division, where the court awarded attorney's fees at a rate of $325 per hour.  But this evidence is not helpful because it does not establish the market rate in Columbus, Georgia.  A reasonable rate is one that is in line with the market rate, which "means the hourly rate charged in the local legal market by someone with expertise in the area who is willing and able to take the case, if such an attorney exists."  *Barnes*, 168 F.3d at 437.  "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims."  *Id.* Plaintiff did not point to any evidence that there were no Columbus attorneys who could handle his case.  Plaintiff also did not present any evidence of the prevailing Columbus market rate for similar services by lawyers of reasonably comparable skill,

---

[7] Plaintiff did not present evidence to establish any of Nitzkin's qualifications, including whether he is a licensed attorney.  Equifax, however, submitted an exhibit of email correspondence between Nitzkin and Equifax's counsel in which Nitzkin refers to himself as "Esq[uire]." Def.'s Resp. to Pl.'s Mot. for Attys.' Fees Ex. A, Emails Between S. Kern, C. Schwartz, & G. Nitzkin 2-5 (Dec. 5-8, 2025), ECF No. 42-1.  As noted above, Equifax does not contest that Nitzkin was a licensed attorney when he billed for work in this action.

experience, and reputation.  Accordingly, the Court will rely on its own experience in determining a reasonable fee award.  *See Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 536 (11th Cir. 2020) (per curiam) ("[W]here there is inadequate evidence, the district court is considered an expert on the question of reasonable fees and can consider its own knowledge and experience without additional pleadings or a hearing.").

The Court recently approved hourly rates of approximately $400-500 for attorneys with more than twenty years of experience in civil cases that were significantly more complex than the instant action.  *See PB Brands, LLC v. Patel Sister, LLC*, No. 4:23-CV-163 (CDL), 2024 WL 117150, at *1-2 (M.D. Ga. Jan. 10, 2024) (claims asserted for trademark infringement, unfair competition, and deceptive trade practices); *United States ex rel. Young v. BTW Sols., LLC*, No. 3:17-CV-94 (CDL), 2025 WL 1908729, at *4 (M.D. Ga. July 10, 2025) (claims brought under the False Claims Act), *aff'd sub nom. United States v. BTW Sols., LLC*, No. 25-12723, 2026 WL 671339 (11th Cir. Mar. 10, 2026).  The Court also approved an hourly rate of $215 for an attorney with roughly one year of experience in *PB Brands*.  2024 WL 117150, at *1-2.  Based on the evidence discussed in *PB Brands* and *Young*, along with the Court's experience and judgment, a reasonable hourly rate in a FCRA case like this one for an attorney in Columbus, Georgia, with twenty-one years of experience is $350 per hour; with ten years of

11

experience is $300 per hour; and with little or no experience is $200 per hour. Plaintiff shall recover fees at this rate for the hours billed by Kurz, Schwartz, and Nitzkin, respectively.

B.    Paralegal and Administrative Assistant Rates

Equifax argues that Plaintiff did not present evidence to establish that the $160 hourly fee it seeks for the work of Consumer Dispute Lawyers' paralegals and administrative assistants is reasonable. Although Plaintiff did not submit any evidence regarding the skill or experience of its paralegals, the Court concludes, based on its experience and knowledge of the local market, that $160 is a reasonable hourly rate for work billed by paralegals in this action. *See Young*, 2025 WL 1908729, at *4 (finding a $185 hourly paralegal rate reasonable in a qui tam action); *Jordan Outdoor Enters., Ltd. v. J&M Concepts, LLC*, No. 4:18-CV-126 (CDL), 2021 WL 682068, at *10 (M.D. Ga. Feb. 22, 2021) (finding a $175 hourly paralegal rate reasonable in an intellectual property contract dispute). But Plaintiff is not entitled to fees at the paralegal rate for the hours billed by Consumer Dispute Lawyers' administrative assistants on purely clerical tasks. Such purely administrative tasks are not typically billable expenses. And Plaintiff has not carried his burden of convincing the Court otherwise.

## III. Calculation of the Lodestar

Based on the foregoing considerations, the lodestar amounts to $12,281.20, as reflected in the table below.

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| D. Kurz | 3.8 | $350.00 | $1,330.00 |
| C. Schwartz | 23.8 | $300.00 | $7,140.00 |
| G. Nitzkin | 10 | $200.00 | $2,000.00 |
| Paralegals | 11.32 | $160.00 | $1,811.20 |
| Administrative Assistants | 8 | $0.00 | $0.00 |
| | | Total | $12,281.20 |

## IV.  Plaintiff's Costs

In addition to his fee requests, Plaintiff seeks $602 in costs.  The Consumer Dispute Lawyers' invoice reveals that Plaintiff's counsel spent $402 on filing fees and $200 on service of process.  Invoice 14-15.  Equifax does not object to these costs, and the Court finds that the costs are reasonable. Therefore, Plaintiff will be awarded $602.00 in costs.

CONCLUSION

For the reasons set forth above, the Court orders Equifax to pay Plaintiff's fees in the amount of $12,281.20 and costs in the amount of $602.00, for a total of $12,883.20.

IT IS SO ORDERED, this 21st day of _May, 2026.

S/Clay D. Land

CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

13